UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ALTA SHUR,

    Plaintiff,

v.

PAUL MICHAEL MARKETING
SERVICE, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ALTA SHUR ("Plaintiff"), sues Defendant PAUL MICHAEL MARKETING SERVICE, INC. ("PMMS" or "Defendant"), for violations of § 1692e, § 1692e(2)(A), § 1692e(5), and § 1692e(10) of the Fair Debt Collection Practices Act (the "FDCPA") and § 559.553 of the Florida Consumer Collection Practices Act (the "FCCPA"), and in support thereof, Plaintiff states the following:

## DEMAND FOR JURY TRIAL

1. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

3. Venue in this District is proper because Plaintiff resides here, PMMS transacts business here, and the complained conduct of PMMS occurred here.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. PMMS is a New York corporation, with its principal place of business located in Fresh Meadows, New York.

6. PMMS engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, PMMS was acting as a debt collector in respect to the collection of Plaintiff's debts.

8. At all times material, PMMS has been subject to the FCCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("Unlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

## FACTUAL ALLEGATIONS

9. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

10. PMMS is a business entity engaged in the business of soliciting consumer debts for collection.

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

11. PMMS is a business entity engaged in the business of collecting consumer debts.

12. PMMS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. PMMS is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

14. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

15. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

16. PMMS is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

17. On a date better known by PMMS, it began attempting collect the Consumer Debts from Plaintiff.

18. On or about July 02, 2018, PMMS mailed a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

19. PMMS engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559.715

20. PMMS identifies itself as a "debt collector" in the Collection Letter. *See* Exhibit A.

21. PMMS is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

22. PMMS has never registered, or otherwise been licensed, to collect consumer debts from Florida consumers in accordance with Fla. Stat. § 559.553.

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

23. PMMS does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

24. PMMS cannot legally collect, or attempt to collect, the Consumer Debt from Plaintiff without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 559.553(1) & (2).

25. PMMS's collection activities against Plaintiff constitute a criminal misdemeanor under Florida law. *See* Fla. Stat. § 559.785.

## *COUNT I.*
## **VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e, e(2)(A), e(5), & e(10)**

26. Plaintiff incorporates the preceding Factual Allegations.

27. PMMS is liable to Plaintiff for its attempt to collect the Consumer Debt because Defendant did not first register, and thereafter maintain, a valid consumer collection agency license in accordance with Florida law. *See* Fla. Stat. § 559.553

28. PMMS' failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C § 1692e and e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

29. PMMS' failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the Consumer Debt.

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Suite 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

30.     PMMS' failure to obtain a consumer collection agency license, as mandated by Florida Statutes § 559.553, while attempting to collect the Consumer Debt from Plaintiff (by and through the Collection Letter), is a violation of 15 U.S.C § 1692e(5), in that, PMMS's attempt to collect the underlying debt from Plaintiff while not licensed as required by Florida law, and otherwise holding itself out to Plaintiff as an entity that it may lawfully collect money from a Florida consumer, is a threat to take action that cannot legally be taken.

## PRAYER FOR RELIEF

31.     Plaintiff respectfully requests this Court to enter a judgment against PMMS, awarding Plaintiff the following relief:

(a)     Statutory damages, as provided under 15 U.S.C. §1692k;

(b)     Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c)     Such other or further relief as the Court deems proper.

Respectfully Submitted,

By: /s/ *Thomas J. Patti, III*
Thomas J. Patti, III, Esq.
Florida Bar No.  118377
Tom@Rodallaw.com
Yechezkel Rodal, Esq.
Florida Bar No.  91210
Chezky@Rodallaw.com
Rodal Law, P.A.
*Attorneys for Plaintiff*
5300 N.W. 33rd Ave., Ste. 219
Ft. Lauderdale, Florida 33309
Telephone: (954) 367-5308
Facsimile:  (954) 900-1208